PROB 12C
(6/16)

Report Date: August 5, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 05, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Stephen James Johnson | Case Number: 0980 2:20CR00053-WFN-3 |

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: March 2, 2021

| | | | |
|---|---|---|---|
| Original Offense: | Dealing in Counterfeit Obligations or Securities, 18 U.S.C. § 473 | | |
| Original Sentence: | Prison - 114 days<br>TSR - 36 days | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | Patrick J. Cashman | Date Supervision Commenced: | March 2, 2021 |
| Defense Attorney: | Federal Defender's Office | Date Supervision Expires: | March 1, 2024 |

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #4**:  You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: On April 15, 2021, Stephen Johnson allegedly violated special condition number 4 by consuming methamphetamine.<br><br>On March 11, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Johnson, as outlined in the judgment and sentence.  He signed a copy acknowledging the requirements.<br><br>On April 22, 2021, the undersigned officer received notification from Pioneer Human Services (PHS) that the offender reported for phase urinalysis testing on April 15, 2021, and provided a urine sample that was confirmed by a laboratory to be positive for methamphetamine and amphetamine. |
| 2 | **Special Condition #4**:  You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

Prob12C
Re: Johnson, Stephen James
August 5, 2021
Page 2

**Supporting Evidence**: On April 21, 2021, Stephen Johnson allegedly violated special condition number 4 by failing to report for phase urinalysis testing when his assigned color was identified for testing.

On March 11, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Johnson, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On April 22, 2021, the undersigned officer received notification from PHS that the offender failed to report for phase urinalysis testing on April 21, 2021, when his assigned color was identified for testing.

3    **Special Condition #4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On April 22, 2021, Stephen Johnson allegedly violated special condition number 4 by consuming methamphetamine.

On March 11, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Johnson, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

Mr. Johnson failed to report for phase urinalysis testing on April 21, 2021; therefore, the undersigned officer contacted the offender on April 22, 2021. He immediately admitted using methamphetamine. The offender was subsequently instructed to report to PHS on that date to submit to random urinalysis testing.

On April 22, 2021, the offender reported to PHS for random urinalysis testing as instructed. He provided a urine sample that was confirmed by a laboratory to be positive for methamphetamine and amphetamine.

4    **Special Condition #4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On May 8, 2021, Stephen Johnson allegedly violated special condition number 4 by consuming methamphetamine.

On March 11, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Johnson, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On May 11, 2021, the undersigned officer received notification from PHS that the offender reported for phase urinalysis testing on May 10, 2021, and provided a urine sample that tested presumptive positive for methamphetamine and amphetamine. The offender signed an admission of use form admitting to the use of methamphetamine on or about May 8, 2021.

| | | |
|---|---|---|
| 5 | | **Special Condition #4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: On May 14, 2021, Stephen Johnson allegedly violated special condition number 4 by consuming methamphetamine.

On March 11, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Johnson, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On May 17, 2021, the undersigned officer received notification from PHS that the offender reported for phase urinalysis testing on May 14, 2021, and provided a urine sample that tested presumptive positive for methamphetamine and amphetamine.

6      **Special Condition #4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On July 20, 2021, Stephen Johnson allegedly violated special condition number 4 by failing to report for phase urinalysis testing at PHS when his assigned color was identified for testing.

On March 11, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Johnson, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On July 21, 2021, the undersigned officer received notification from PHS that the offender failed to report for phase urinalysis testing on July 20, 2021, when his assigned color was identified for testing.

7      **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: On July 22, 2021, Stephen Johnson allegedly violated standard condition number 7 by failing to notify the probation officer of a change in his employment at least 10 days prior to the change.

On March 11, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Johnson, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On July 22, 2021, this officer spoke with the owner of Moss Boss, whom Mr. Johnson reported working for, in an attempt to contact the offender. The employer informed the undersigned officer that Mr. Johnson was no longer employed with the company, and had not worked for quite some time.

8   **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: On July 22, 2021, Stephen Johnson allegedly violated standard condition number 5 by failing to notify the probation officer of a change in his living arrangements at least 10 days prior to the change.

On March 11, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Johnson, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On July 22, 2021, the assigned officer spoke with Mr. Johnson's brother, whom the offender reported living with. He informed the undersigned officer that he had informed the offender that he would no longer be allowed to live with him upon his discharge from inpatient treatment.

Upon his discharge from inpatient treatment with Sun Ray Court on June 16, 2021, the offender requested 2 weeks to make other living arrangements, and his brother agreed. According to the information this officer was provided, the offender remained at that residence for approximately 2 weeks, then moved, but failed to notify this officer of the change.

9   **Special Condition #4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On July 19, 2021, Stephen Johnson allegedly violated special condition number 4 by consuming methamphetamine.

On March 11, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Johnson, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On July 22, 2021, the offender was subject to random urinalysis testing at the U.S. Probation Office and provided a urine sample that was presumptive positive for methamphetamine. Initially, Mr. Johnson denied the use of any illicit substances and demanded that the urine sample be sent to the laboratory for confirmation. While the probation officer conducting the urinalysis testing was preparing the sample to be sent to the laboratory, the offender subsequently admitted to the use of methamphetamine on or about July 19, 2021. He signed an admission of use form confirming his use.

|   |   |   |
|---|---|---|
| 10 | | **Special Condition #3**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider. |

**Supporting Evidence**: On July 23, 2021, Stephen Johnson allegedly violated special condition number 3 by failing to attend his admit appointment with New Horizons Care Center as scheduled.

On March 11, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Johnson, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On August 2, 2021, the undersigned officer spoke with New Horizons Care Center who confirmed that although Mr. Johnson had been discharged from inpatient treatment on June 16, 2021, he had not yet engaged in outpatient services as recommended.

According to the information received, the offender was initially scheduled for an admit appointment on June 24, 2021, but that appointment was later rescheduled for July 1, 2021, because Mr. Johnson had a dental appointment. The appointment was again rescheduled for July 15, 2021, for reasons unknown. On July 15, 2021, Mr. Johnson called to reschedule his appointment, which was subsequently changed July 23, 2021.

On July 23, 2021, the offender failed to report to his scheduled appointment at New Horizon Care Center, therefore his appointment was rescheduled for August 12, 2021.

11    **Special Condition #4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On July 31, 2021, Stephen Johnson allegedly violated special condition number 4 by consuming methamphetamine.

On March 11, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Johnson, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On August 2, 2021, the offender was subject to random urinalysis testing at the U.S. Probation Office, and provided a urine sample that was presumptive positive for methamphetamine. Although he insisted he had not consumed any controlled substances when asked by this officer prior to testing, after providing a sample that tested presumptive positive, the offender then admitted to the use of methamphetamine on or about July 31, 2021. He signed an admission of use form confirming his use.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

Prob12C
**Re: Johnson, Stephen James**
**August 5, 2021**
**Page 6**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 08/05/2021

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[X]  The Issuance of a Summons
[ ]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

Signature of Judicial Officer

08/05/2021

Date